UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **ANDREW RATLIFF,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
|     v. | )    **CAUSE NO. 1:07-CV-343** |
| | ) |
| **GLOBAL MACHINERY COMPANY, INC.,** | ) |
| **and LOWE'S HOME CENTERS, INC.,** | ) |
| | ) |
|     **Defendants.** | ) |

## OPINION AND ORDER

This case was removed to this Court from the Allen Superior Court by Defendant Lowe's Home Centers, Inc., based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Docket # 2.)  The Notice of Removal alleges that Plaintiff Andrew Ratliff is a resident of the state of Indiana, that Defendant Global Machinery Company, Inc.,was "was incorporated under the laws of Australia and maintains its principal office in Campbellfield, Victoria 3061, Australia[,]" and that Defendant Lowe's Home Centers, Inc., "was incorporated under the laws of the State of North Carolina maintaining its principal office in the State of North Carolina." (Notice of Removal ¶¶ 3, 4.)

The Defendant's Notice of Removal, however, is inadequate.  This is because the "residency" of each party is meaningless for purposes of diversity jurisdiction, as "citizenship is what matters."[1] *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996)

---

[1] For purposes of determining diversity jurisdiction, each party's citizenship must be articulated as of "the time of the filing of the complaint," rather than the date the claims are alleged to have arisen or some other time material to the lawsuit. *Multi-M Int'l, Inc. v. Paige Med. Supply Co.*, 142 F.R.D. 150, 152 (N.D. Ill. 1992).
    Moreover, "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, No. Civ. 06-753-GPM, 2006 WL 4017975, at *10 n.1 (S.D. Ill. Dec. 7, 2006) (citing *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992)); *Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004);

(explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332); *see* 28 U.S.C. § 1332.  "It is well-settled that when the parties allege residence but not citizenship, the court must dismiss the suit." *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998) (internal quotation marks and citation omitted)); *see generally Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 677-78 (7th Cir. 2006).

Therefore, the Court must be advised of each party's citizenship, not residency.  As to Plaintiff Andrew Ratliff, "[f]or natural persons, state citizenship is determined by one's domicile." *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993); *see also Am.'s Best Inns, Inc.*, 980 F.2d at 1074 ("In federal law citizenship means domicile, not residence.").

Therefore, the Defendant is ORDERED to file an amended Notice of Removal within ten days, supplementing the record as to the citizenship of Plaintiff Andrew Ratliff.

SO ORDERED.

Enter for this 7th day of January, 2008.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge

---

*Hayes v. Bass Pro Outdoor World, LLC*, No. 02 C 9106, 2003 WL 187411, at *2 (N.D. Ill. Jan. 21, 2003); *Multi-M Int'l, Inc.*, 142 F.R.D. at 152.